IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELINE WEAVER<br>5052 Garner Road<br>Morrisville, PA 19067 | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. _____ |
| ASR INTERNATIONAL CORPORATION<br>315 Oser Avenue<br>Hauppauge, NY 11788 | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.   INTRODUCTION

1. This action has been initiated by Jacqueline Weaver (hereinafter referred to as "Plaintiff," unless indicated otherwise) for wrongful termination. Plaintiff was terminated in retaliation for seeking and pursuing a worker's compensation claim. As a direct consequence of Defendant's actions, Plaintiff seeks damages as set forth herein.

### II.   JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction through diversity because the Plaintiff is a domiciliary, resident, and citizen of Pennsylvania, seeking an amount exceeding $75,000.00, exclusive of costs and interest, from Defendant, a New York corporation (and resident).

3. This Court has personal jurisdiction over Defendant because Defendant, by systematically soliciting business in Pennsylvania, has sufficient minimum contacts with this judicial district such that the exercise of such jurisdiction comports with judicial notions of fair

play and substantial justice, satisfying the standards set forth in *International Shoe Company v. Washington*, 326 U.S. 309 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic and continuous activity in the Eastern Pennsylvania and is subject to personal jurisdiction in Pennsylvania.

### III.   PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant is a technological corporation that is incorporated and headquartered in New York State and provides multiple services, including but not limited to, quality assurance, source inspection, information technology software/systems design, and development support services in forty (40) countries and all fifty (50) states in the United States.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV.   FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Defendant owns and operates a physical location in Bristol, Pennsylvania (hereinafter referred to as "Bristol location").

11. Plaintiff was hired by Defendant in or about April of 2006 as a Quality Clerk at its Bristol location.

12. During Plaintiff's employment with Defendant, she was supervised by one Donald Millaman.

13. In or about July 26, 2006, Plaintiff sustained a work-related injury.

14. Plaintiff made an application for and sought worker's compensation from Defendant after sustaining a work-related injury in late July of 2006.

15. Plaintiff kept Defendant apprised of her health condition from the date of her injury until October, 27, 2006.

16. Plaintiff attempted to return to work during her medical leave from July through October of 2006 with a lifting restriction.

17. Positions were available for Plaintiff to work within with said restriction, but Defendant refused to allow her to work in an available position.

18. Plaintiff notified Defendant that she intended to return on October 26, 2006 and was only notified on October 26, 2006 for the first time that she was terminated.

19. Plaintiff was not informed of her termination prior to her intended return date.

20. The reason given by Defendant for Plaintiff's termination was that her position was only temporary.

21. Plaintiff was told prior to sustaining her work-related injury by Millaman that although her position was initially temporary, she had become a permanent employee.

22. At all times relevant herein, Plaintiff was characterized as a full-time, permanent employee only until she sought and obtained worker's compensation.

23. Plaintiff worked with another employee whose position was also originally temporary and who was later told as she was that his position was permanent. This other employee was not terminated and remains employed with Defendant.

24. Defendant also advertised and hired another employee to fill Plaintiff's position after informing Plaintiff that her allegedly temporary position had ended.

25. Upon information and belief, Defendant has a history of exhibiting a negative animus toward employees who make claims for worker's compensation.

## Count I
## Wrongful Termination

26. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27. Defendant terminated Plaintiff for filing a worker's compensation claim.

28. These actions as aforesaid are violations of Pennsylvania's public policy and constitute common-law wrongful termination. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1998).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E.      Plaintiff is to be awarded the costs and expenses of this action as provided by state law.

                                Respectfully submitted,

                                KARPF, KARPF & VIRANT

                        By:     _____
                                Ari R. Karpf, Esquire
                                3070 Bristol Pike
                                Bldg. 1, Ste. 102
                                Bensalem, PA 19020

Date: November 21, 2006